# EXHIBIT A



JERRY C. BONNETT[1]
FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
ANDREW Q. EVERROAD
JONATHAN S. WALLACK
CHRISTINA L. BANNON
WILLIAM F. KING
ANDREW M. EVANS
KEVIN R. HANGER

WILLIAM G. FAIRBOURN
VAN BUNCH[9]
ELAINE A. RYAN[8]
KATHRYN A. HONECKER[3]
GUY A. HANSON
MANFRED P. MUECKE[5]
TONNA K. FARRAR[6]
TY D. FRANKEL
ERIC D. ZARD

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
WENDY J. HARRISON[2]
PATRICIA N. SYVERSON[2]
KIMBERLY C. PAGE[4]
TODD D. CARPENTER[5]
T. BRENT JORDAN[7]
LINDSEY M. GOMEZ-GRAY

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Also in Colorado
[2] Admitted Also in California
[3] Admitted Also in Illinois
[4] Admitted Also in Alabama and Georgia
[5] Admitted Only in California
[6] Admitted Only in California, Kansas, Missouri and Oregon (located in Oregon)
[7] Admitted Only in Pennsylvania
[8] Admitted Also in Colorado, Idaho, Kansas, Missouri, Texas, Utah and Washington
[9] Admitted Also in Tennessee and West Virginia

October 24, 2012

**VIA CERTIFIED MAIL**
**(RECEIPT NO. 7011-0470-0002-5152-4416)**

Energizer Holdings, Inc.
General Counsel
533 Maryville University
St. Louis, Missouri 6314

      Re:    Aida Corra v. Energizer Holdings, Inc., et al.

Dear Sir or Madam:

      Our law firm together with the Levin, Fishbein, Sedran & Berman law firm represent Aida Corra and all other consumers similarly situated in an action against Energizer Holdings, Inc., Playtex Products, Inc. and Sun Pharmaceuticals, LLC (collectively, "Defendants"), arising out of, *inter alia*, misrepresentations, either express or implied, by Defendants to consumers that your Banana Boat SPF 85-110 collection[1] provides greater sun protection than comparable, lower SPF valued products, including the Banana Boat SPF 50 Products.[2]

---

[1] The Banana Boat SPF 85-110 Collection includes: (1) Kids UltraMist® Sunscreen SPF 110 Continuous Clear Spray; (2) Kids UltraMist® Sunscreen SPF 85 Continuous Clear Spray; (3) Ultra Defense® UltraMist® Sunscreen SPF 110 Continuous Clear Spray; (4) Ultra Defense® UltraMist® Sunscreen SPF 85 Continuous Clear Spray; (5) Ultra Defense® Sunscreen SPF 100 Lotion; (6) Sport Performance® UltraMist® Sunscreen SPF 110 Spray; (7) Sport Performance® UltraMist® Sunscreen SPF 85 Spray; (8) Sport Performance® Sunscreen SPF 100 Lotion; (9) Baby SPF 100 Lotion; (10) Kids SPF 100 Lotion. Plaintiff reserves the right to include other products upon completion of discovery.

[2] The Banana Boat SPF 50 Products include, but are not limited to: (1) Kids UltraMist® Sunscreen SPF 50 Continuous Clear Spray; (2) Ultra Defense® UltraMist® Sunscreen SPF 50 Continuous Clear Spray; (3) Ultra Defense® Sunscreen SPF 50 Lotion; (4) Sport Performance® UltraMist® Sunscreen SPF 50 Spray; (5) Sport Performance® Sunscreen SPF 50 Lotion; (6) Baby SPF 50 Lotion; and (7) Kids Free SPF 50 Lotion.

Energizer Holdings, Inc.
General Counsel
October 24, 2012
Page 2

Ms. Corra and others similarly situated purchased Products in the Banana Boat SPF 85-110 collection unaware that Defendants' 85, 100 and 110 (the "superior UVB protection claims") are false. SPF 100 blocks 99 percent of UV rays, while SPF 50 blocks 98 percent, an immaterial difference that yields no clinical benefit to consumers. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' superior UVB protection claims are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to induce the consuming public to purchase the Banana Boat SPF 85-110 collection. The superior UVB protection claims do not assist consumers; they simply mislead them.

Defendants' superior UVB protection claims violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

(5)  Representing that [the Banana Boat SPF 85-110 collection has] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.

* * *

(7)  Representing that [the Banana Boat SPF 85-110 collection is] of a particular standard, quality or grade, . . . if [it is] of another.

* * *

(9)  Advertising goods . . . with the intent not to sell them as advertised.

* * *

(16) Representing that [the Banana Boat SPF 85-110 collection has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

Defendants' superior UVB protection claims also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to

Energizer Holdings, Inc.
General Counsel
October 24, 2012
Page 3

California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Defendants should offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Defendants address these violations immediately.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which can include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Banana Boat SPF 85-110 collection purchasers who so request; and

4. Cease from expressly or impliedly representing to consumers that these Products provide greater sun protection than lower SPF valued products, including the Banana Boat SPF 50 products, when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

Energizer Holdings, Inc.
General Counsel
October 24, 2012
Page 4

We await your response.

                              Very truly yours,

                              Patricia N. Syverson
                              For the Firm

PNS:lmg
Enclosures



**BONNETT FAIRBOURN FRIEDMAN & BALINT PC**

JERRY C. BONNETT[1]
FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
ANDREW Q. EVERROAD
JONATHAN S. WALLACK
CHRISTINA L. BANNON
WILLIAM F. KING
ANDREW M. EVANS
KEVIN R. HANGER

WILLIAM G. FAIRBOURN
VAN BUNCH[9]
ELAINE A. RYAN[8]
KATHRYN A. HONECKER[3]
GUY A. HANSON
MANFRED P. MUECKE[5]
TONNA K. FARRAR[6]
TY D. FRANKEL
ERIC D. ZARD

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
WENDY J. HARRISON[2]
PATRICIA N. SYVERSON[2]
KIMBERLY C. PAGE[4]
TODD D. CARPENTER[5]
T. BRENT JORDAN[7]
LINDSEY M. GOMEZ-GRAY

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Also in Colorado
[2] Admitted Also in California
[3] Admitted Also in Illinois
[4] Admitted Also in Alabama and Georgia
[5] Admitted Only in California
[6] Admitted Only in California, Kansas, Missouri and Oregon (located in Oregon)
[7] Admitted Only in Pennsylvania
[8] Admitted Also in Colorado, Idaho, Kansas, Missouri, Texas, Utah and Washington
[9] Admitted Also in Tennessee and West Virginia

October 24, 2012

**VIA CERTIFIED MAIL**
**(RECEIPT NO. 7011-0470-0002-5152-4423)**

Sun Pharmaceuticals, LLC
General Counsel
50 N Dupont Highway
Dover, DE 19901-4261

      Re:    Aida Corra v. Energizer Holdings, Inc., et al.

Dear Sir or Madam:

      Our law firm together with the Levin, Fishbein, Sedran & Berman law firm represent Aida Corra and all other consumers similarly situated in an action against Energizer Holdings, Inc., Playtex Products, Inc. and Sun Pharmaceuticals, LLC (collectively, "Defendants"), arising out of, *inter alia*, misrepresentations, either express or implied, by Defendants to consumers that your Banana Boat SPF 85-110 collection[1] provides greater sun protection than comparable, lower SPF valued products, including the Banana Boat SPF 50 Products.[2]

---

[1] The Banana Boat SPF 85-110 Collection includes: (1) Kids UltraMist® Sunscreen SPF 110 Continuous Clear Spray; (2) Kids UltraMist® Sunscreen SPF 85 Continuous Clear Spray; (3) Ultra Defense® UltraMist® Sunscreen SPF 110 Continuous Clear Spray; (4) Ultra Defense® UltraMist® Sunscreen SPF 85 Continuous Clear Spray; (5) Ultra Defense® Sunscreen SPF 100 Lotion; (6) Sport Performance® UltraMist® Sunscreen SPF 110 Spray; (7) Sport Performance® UltraMist® Sunscreen SPF 85 Spray; (8) Sport Performance® Sunscreen SPF 100 Lotion; (9) Baby SPF 100 Lotion; (10) Kids SPF 100 Lotion. Plaintiff reserves the right to include other products upon completion of discovery.

[2] The Banana Boat SPF 50 Products include, but are not limited to: (1) Kids UltraMist® Sunscreen SPF 50 Continuous Clear Spray; (2) Ultra Defense® UltraMist® Sunscreen SPF 50 Continuous Clear Spray; (3) Ultra Defense® Sunscreen SPF 50 Lotion; (4) Sport Performance® UltraMist® Sunscreen SPF 50 Spray; (5) Sport Performance® Sunscreen SPF 50 Lotion; (6) Baby SPF 50 Lotion; and (7) Kids Free SPF 50 Lotion.

Sun Pharmaceuticals, LLC
General Counsel
October 24, 2012
Page 2

Ms. Corra and others similarly situated purchased Products in the Banana Boat SPF 85-110 collection unaware that Defendants' 85, 100 and 110 (the "superior UVB protection claims") are false. SPF 100 blocks 99 percent of UV rays, while SPF 50 blocks 98 percent, an immaterial difference that yields no clinical benefit to consumers. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' superior UVB protection claims are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to induce the consuming public to purchase the Banana Boat SPF 85-110 collection. The superior UVB protection claims do not assist consumers; they simply mislead them.

Defendants' superior UVB protection claims violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

> (5) Representing that [the Banana Boat SPF 85-110 collection has] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.
>
> * * *
>
> (7) Representing that [the Banana Boat SPF 85-110 collection is] of a particular standard, quality or grade, . . . if [it is] of another.
>
> * * *
>
> (9) Advertising goods . . . with the intent not to sell them as advertised.
>
> * * *
>
> (16) Representing that [the Banana Boat SPF 85-110 collection has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

Defendants' superior UVB protection claims also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

Sun Pharmaceuticals, LLC
General Counsel
October 24, 2012
Page 3

      While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Defendants should offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

      Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Defendants address these violations immediately.

      Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

      1.    Identify or make a reasonable attempt to identify purchasers of the subject Products;

      2.    Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which can include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

      3.    Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Banana Boat SPF 85-110 collection purchasers who so request; and

      4.    Cease from expressly or impliedly representing to consumers that these Products provide greater sun protection than lower SPF valued products, including the Banana Boat SPF 50 products, when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

Sun Pharmaceuticals, LLC
General Counsel
October 24, 2012
Page 4

We await your response.

                Very truly yours,

                Patricia N. Syverson
                For the Firm

PNS:lmg
Enclosures

# BFFB BONNETT FAIRBOURN FRIEDMAN & BALINT PC

JERRY C. BONNETT[1]
FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
ANDREW Q. EVERROAD
JONATHAN S. WALLACK
CHRISTINA L. BANNON
WILLIAM F. KING
ANDREW M. EVANS
KEVIN R. HANGER

WILLIAM G. FAIRBOURN
VAN BUNCH[9]
ELAINE A. RYAN[8]
KATHRYN A. HONECKER[3]
GUY A. HANSON
MANFRED P. MUECKE[5]
TONNA K. FARRAR[6]
TY D. FRANKEL
ERIC D. ZARD

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
WENDY J. HARRISON[2]
PATRICIA N. SYVERSON[2]
KIMBERLY C. PAGE[4]
TODD D. CARPENTER[5]
T. BRENT JORDAN[7]
LINDSEY M. GOMEZ-GRAY

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Also in Colorado
[2] Admitted Also in California
[3] Admitted Also in Illinois
[4] Admitted Also in Alabama and Georgia
[5] Admitted Only in California
[6] Admitted Only in California, Kansas, Missouri and Oregon (located in Oregon)
[7] Admitted Only in Pennsylvania
[8] Admitted Also in Colorado, Idaho, Kansas, Missouri, Texas, Utah and Washington
[9] Admitted Also in Tennessee and West Virginia

October 24, 2012

**VIA CERTIFIED MAIL**
**(RECEIPT NO. 7011-0470-0002-5152-4430)**

Playtex Products, Inc.
General Counsel
300 Nyala Farms Road
Westport, Connecticut 06880-6268

Re: Aida Corra v. Energizer Holdings, Inc., et al.

Dear Sir or Madam:

Our law firm together with the Levin, Fishbein, Sedran & Berman law firm represent Aida Corra and all other consumers similarly situated in an action against Energizer Holdings, Inc., Playtex Products, Inc. and Sun Pharmaceuticals, LLC (collectively, "Defendants"), arising out of, *inter alia*, misrepresentations, either express or implied, by Defendants to consumers that your Banana Boat SPF 85-110 collection[1] provides greater sun protection than comparable, lower SPF valued products, including the Banana Boat SPF 50 Products.[2]

---

[1] The Banana Boat SPF 85-110 Collection includes: (1) Kids UltraMist® Sunscreen SPF 110 Continuous Clear Spray; (2) Kids UltraMist® Sunscreen SPF 85 Continuous Clear Spray; (3) Ultra Defense® UltraMist® Sunscreen SPF 110 Continuous Clear Spray; (4) Ultra Defense® UltraMist® Sunscreen SPF 85 Continuous Clear Spray; (5) Ultra Defense® Sunscreen SPF 100 Lotion; (6) Sport Performance® UltraMist® Sunscreen SPF 110 Spray; (7) Sport Performance® UltraMist® Sunscreen SPF 85 Spray; (8) Sport Performance® Sunscreen SPF 100 Lotion; (9) Baby SPF 100 Lotion; (10) Kids SPF 100 Lotion. Plaintiff reserves the right to include other products upon completion of discovery.

[2] The Banana Boat SPF 50 Products include, but are not limited to: (1) Kids UltraMist® Sunscreen SPF 50 Continuous Clear Spray; (2) Ultra Defense® UltraMist® Sunscreen SPF 50 Continuous Clear Spray; (3) Ultra Defense® Sunscreen SPF 50 Lotion; (4) Sport Performance® UltraMist® Sunscreen SPF 50 Spray; (5) Sport Performance® Sunscreen SPF 50 Lotion; (6) Baby SPF 50 Lotion; and (7) Kids Free SPF 50 Lotion.

Playtex Products, Inc.
General Counsel
October 24, 2012
Page 2

    Ms. Corra and others similarly situated purchased Products in the Banana Boat SPF 85-110 collection unaware that Defendants' 85, 100 and 110 (the "superior UVB protection claims") are false. SPF 100 blocks 99 percent of UV rays, while SPF 50 blocks 98 percent, an immaterial difference that yields no clinical benefit to consumers. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

    Defendants' superior UVB protection claims are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to induce the consuming public to purchase the Banana Boat SPF 85-110 collection. The superior UVB protection claims do not assist consumers; they simply mislead them.

    Defendants' superior UVB protection claims violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

> (5)     Representing that [the Banana Boat SPF 85-110 collection has] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.

* * *

> (7)     Representing that [the Banana Boat SPF 85-110 collection is] of a particular standard, quality or grade, . . . if [it is] of another.

* * *

> (9)     Advertising goods . . . with the intent not to sell them as advertised.

* * *

> (16)     Representing that [the Banana Boat SPF 85-110 collection has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

    Defendants' superior UVB protection claims also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

    While the Complaint constitutes sufficient notice of the claims asserted, pursuant to

Playtex Products, Inc.
General Counsel
October 24, 2012
Page 3

California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Defendants should offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Defendants address these violations immediately.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which can include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Banana Boat SPF 85-110 collection purchasers who so request; and

4. Cease from expressly or impliedly representing to consumers that these Products provide greater sun protection than lower SPF valued products, including the Banana Boat SPF 50 products, when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

Playtex Products, Inc.
General Counsel
October 24, 2012
Page 4

We await your response.

                              Very truly yours,

                              Patricia N. Syverson
                              For the Firm

PNS:lmg
Enclosures