BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ELAINE A. RYAN (*Admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
LINDSEY M. GOMEZ-GRAY (*Admitted Pro Hac Vice*)
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
lgomez-gray@bffb.com
Telephone:   (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
MANFRED P. MUECKE (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
mmuecke@bffb.com
Telephone: (619) 756-7748

STEWART M. WELTMAN LLC
STEWART M. WELTMAN (*To be admitted Pro Hac Vice*)
53 W. Jackson Suite 364
Chicago, IL 60604
Telephone: 312-588-5033
sweltman@weltmanlawfirm.com
(OF COUNSEL LEVIN FISHBEIN SEDRAN & BERMAN)

[Additional counsel appear on signature page]

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDA CORRAL, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENERGIZER HOLDINGS INC., a Missouri Corporation; PLAYTEX PRODUCTS, LLC, fka PLAYTEX PRODUCTS, INC, a Delaware Corporation; SUN PHARMACEUTICALS, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No.: 1:12–CV–01736–AWI–SKO<br><br>**Honorable Judge Anthony W. Ishii**<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Action Filed: October 24, 2012<br>Amended Complaint Filed:<br>      November 26, 2012 |

Plaintiff Aida Corral ("Plaintiff") respectfully submits this notice of supplemental authority in further support of her Opposition to Defendants' pending Motion to Dismiss Amended Class Action Complaint. [D.E. 26].

On April 1, 2013, Judge Samuel Conti of the U.S. District Court for the Northern District of California in *Wilson, et al. v. Frito-Lay North America Inc., et al.*, 3:12-cv-01586 (attached hereto as **Exhibit A**), concluding that plaintiffs' state law claims as to defendants' representations that their products contain "No MSG" and "0 Grams Trans Fat" are not preempted by federal law. Order, pp. 14-21. In *Wilson*, the court explained:

> The FDCA, as amended by the NLEA, contains an express preemption provision, making clear that state laws imposing labeling requirements not identical to FDA mandates are preempted. See 21 U.S.C. § 343-1(a). "Where a requirement imposed by state law effectively parallels or mirrors the relevant sections of the NLEA, courts have repeatedly refused to find preemption." Chacanaca, 752 F. Supp. 2d at 1118 (citing N.Y. State Restaurant Ass'n v. N.Y.C. Bd. of Health, 556 F.3d 114, 123 (2d Cir. 2009); Chavez v. Blue Sky Natural Beverage Co., 268 F.R.D. 365, 370 (N.D. Cal. 2010)). The FDA itself appears to endorse this approach, stating: "[I]f the State requirement does the same thing that the Federal law does . . . then it is effectively the same requirement as the Federal requirement . . . [T]he only State requirements that are subject to preemption are those that are affirmatively different from the Federal requirements on matters that are covered by Section 403A(a) of the Act." Final Rule, 60 Fed. Reg. 57076, 57120 (Nov. 13, 1995).
>
> "This means that plaintiffs' claims need not fail on preemption grounds if the requirements they seek to impose are either identical to those imposed by the FDCA and the NLEA amendments or do not involve claims or labeling information of the sort described in [21 U.S.C.] sections 343(r) and 343(q)." Chacanaca, 752 F. Supp. 2d at 1119. "That is, if the statements at issue are nutrient content claims as contemplated by [21 U.S.C. § 343(r)], plaintiffs' deception claims may only go forward if they can show that the statements would also be 'misbranded' under the terms of [the FDCA and NLEA]." Id.

Order, p. 15.

Here, like in *Wilson*, Plaintiff's state law claims "effectively parallel" and are not inconsistent with the intent of the FDA regarding SPF regulations and are not "affirmatively different from the Federal requirements." *See* Opposition, 6-12. That the FDA has concluded on its own the lack of increased efficacy for products with a SPF greater than 50, and that this lawsuit seeks to correct Defendants' deceptive conduct in

misrepresenting the benefits of products with a greater than SPF 50 rating, not only does not conflict with the FDA mission but is entirely consistent with it – this lawsuit merely provides consumer redress for this misleading conduct on the part of Defendants.

Dated: April 8, 2013

        BONNETT, FAIRBOURN, FRIEDMAN
          & BALINT, P.C.

        _/s/Patricia N. Syverson_
        Elaine A. Ryan (*Admitted Pro Hac Vice*)
        Patricia N. Syverson (203111)
        Lindsey M. Gomez-Gray (*Admitted Pro Hac Vice*)
        2325 E. Camelback Road, Suite 300
        Phoenix, AZ 85016
        eryan@bffb.com
        psyverson@bffb.com
        lgomez-gray@bffb.com
        Telephone: (602) 274-1100

        BONNETT, FAIRBOURN, FRIEDMAN
          & BALINT, P.C.
        Manfred P. Muecke (222893)
        600 W. Broadway, Suite 900
        San Diego, California 92101
        mmuecke@bffb.com
        Telephone: (619) 756-7748

        STEWART M. WELTMAN LLC
        Stewart M. Weltman (*To be admitted Pro Hac Vice*)
        53 W. Jackson Suite 364
        Chicago, IL 60604
        Telephone: 312-588-5033
        sweltman@weltmanlawfirm.com
        (OF COUNSEL LEVIN FISHBEIN SEDRAN & BERMAN)

        LEVIN FISHBEIN SEDRAN & BERMAN
        Howard J. Sedran (*To be admitted Pro Hac Vice*)
        510 Walnut Street
        Philadelphia, Pennsylvania 19106
        hsedran@lfsblaw.com
        Telephone: (215) 592-1500

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 8, 2013.

By: s/ Patricia N. Syverson
Patricia N. Syverson (203111)
BONNETT FAIRBOURN FRIEDMAN
  & BALINT, PC
2325 E. Camelback Road, #300
Phoenix, Arizona 85016
602-274-1100
602-274-1199 facsimile
Email: psyverson@bffb.com
